OPINION
This is an appeal from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Stephen R. Simms, appeals from the trial court's entry requiring appellee's address and records on his daughter be kept under seal.
Appellant and appellee, Becky A. Simms, n.k.a. Becky Reese, were married on January 20, 1990. One child, Samantha, was born on July 22, 1990, as issue of the marriage. Appellee filed for divorce on July 29, 1991, on the grounds of gross neglect of duty, extreme neglect, and incompatibility. On that same date, appellee filed a temporary restraining order and a motion for custody of Samantha. The trial court granted her restraining order and granted her temporary custody of the minor child. On July 31, 1991, appellant filed an answer and counterclaim for divorce and moved to vacate the ex parte order granting appellee temporary custody of Samantha.
On December 12, 1991, appellee filed a motion to restrict appellant's visitation with Samantha, which the trial court granted. On January 9, 1992, the trial court dissolved the ex parte order limiting appellant's visitation with Samantha. On January 27, 1992, appellee filed an affidavit with the court averring that appellant had failed to return Samantha at the end of his weekend visitation. On that same date, the trial court found that appellant should appear and show cause why he should not be held in contempt and ordered that appellant return Samantha to appellee. In a divorce decree dated March 24, 1992, the trial court granted appellee a divorce and designated her residential parent and legal custodian of Samantha. Further, the trial court ordered that appellant was not entitled to visitation or contact with the child until further order of the court. Appellant later voluntarily surrendered himself and Samantha to the authorities.[1]
On May 21, 1992, appellant filed a motion for visitation. After a hearing, in a report dated June 11, 1992, the magistrate recommended that appellant be given supervised visitation at a church. On June 25, 1992, appellee filed objections to the report. On July 23, 1992, appellant was convicted of felony theft charges and was sentenced to two and one-half to ten years in prison. On August 10, 1992, after a hearing, the trial court rendered the objections moot and overruled them.
On September 3, 1993, appellant filed a pro se motion to modify visitation, requesting one visit per month with his daughter while he was in prison. Thereafter, appellant submitted a motion for the appointment of a guardian ad litem on September 7, 1993, and also a motion for a psychological evaluation of Samantha, on October 27, 1993. The court appointed the guardian ad litem on December 27, 1993. Appellant filed a second motion for modification of visitation rights on April 5, 1994, requesting that his parents' names be added to the visitation list. The court overruled this motion on April 11, 1994, for lack of jurisdiction, stating that neither of appellant's parents was a party to, or had been joined in the action. In a judgment entry dated June 13, 1994, the trial court overruled appellant's motion for modification of visitation after hearing the testimony of the guardian ad litem "that visitation of the child while the father was still in prison was not in the best interests of the child."
Appellant proceeded to file a "Petition for Visiting Rights and Other Non-Custodial Parent['s] Rights," on January 13, 1997. On that same date, the magistrate recommended overruling the motion since there was no change in circumstances from the time appellant filed his other motions on the same issue. The trial court adopted the magistrate's findings. Appellant filed an appeal with this court from that entry. We affirmed the trial court's decision in Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005, unreported, 1998 WL 156886.
Appellant then filed a "Petition for Non-Custodial Parent's Rights" on April 20, 1998. In that petition, he requested that he receive relocation notice, pursuant to R.C. 3109.051(G); access to Samantha's school, medical, and daycare records, pursuant to R.C. 3109.051(H); and notice of school activities, pursuant to R.C. 3109.051(J).
On October 7, 1999, appellee filed a motion to clarify visitation or contact by appellant with their daughter. In that motion, she claimed that she wanted clarification as to what the trial court meant in the divorce decree when it ordered that appellant "shall not be entitled to visitation or contact with said minor child until further order of the Court," in its March 24, 1992 entry. The magistrate issued a decision on October 7, 1999, concluding that at the time the divorce decree was issued, the trial court determined that it was not in the best interest of the child to visit with appellant. The magistrate explained that there has been no change in circumstances since appellant's incarceration in the early 1990's. As a result, the child has not established a meaningful relationship with appellant. Therefore, the magistrate concluded that appellant be denied access to Samantha's school records, reports, activities, and files.
Appellant filed an appeal with this court from the October 7, 1999 magistrate's decision, which was dismissed on December 3, 1999 for lack of a final appealable order. On December 28, 1999, appellant proceeded to file an "Instant Petition for Review of Decision and Request to Reverse the Order Issued by Magistrate * * *." In this motion, appellant requested that the trial court grant him "access to school records for his beloved daughter, * * * pursuant to [R.C] 3109.051."
In a judgment entry dated January 20, 2000, the trial court ordered the clerk of courts to keep appellee's current address under seal and denied appellant access to appellee's address and the child's school, daycare, and medical records. The trial court reasoned that appellant "has established no relationship with the minor child and constitutes a threat to the child's well being and that it is not in the child's best interest to have [appellant] know her address and have access to her records." On January 31, 2000, appellant filed a request to order appellee to notify the court of any relocation.[2] Subsequently, appellant timely filed an appeal from the January 20, 2000 entry and now asserts the following assignments of error:
 "[1.] The trial court based its decision upon factors that are not supported by facts in the court file.
 "[2.] The trial court has issued an order that is opposite of the trial court's previously stated intentions.
 "[3.] The trial court, through its ruling, has denied [appellant] his rights as the non-custodial parent, as defined by the Ohio Revised Code."[3]
 In his first assignment of error, appellant claims that the trial court based its decision to deny him access to his daughter's school records upon factors that are not supported by the facts in the court file. Appellant appears to be arguing that the weight and sufficiency of the evidence did not support the trial court's judgment.
In assessing a claim that a judgment is against the manifest weight of the evidence, the Supreme Court has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
Here, the facts that appellant refers to were presented at a hearing that occurred on June 10, 1992. Furthermore, there was also a hearing before the trial court that took place on appellant's June 25, 1992 objections to the magistrate's report. Appellant has failed to include any portion of the transcript from the hearings before the magistrate and the trial court on the objections to the magistrate's decision. Such a transcript is necessary for a determination of this assignment of error. In addition, appellant did not timely appeal the 1992 decision. Therefore, this court "has nothing to pass upon and thus, * * * the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant alleges that the trial court's order "is contradictory to the intentions of the same [t]rial [c]ourt, as relayed to [appellant]." We assume for purposes of this assignment that appellant is referring to the January 20, 2000 order by the trial court. Also, in his brief, appellant claims that he received a letter from the trial court judge. However, we note this letter is not part of the record on appeal. Appellant further states that he did not receive a ruling on his April 20, 1998 motion to receive access to Samantha's school records.
However, after a review of the record, it is our determination that on October 7, 1999, when the magistrate ruled on appellee's motion to clarify visitation, the magistrate concluded that appellant should be denied access to Samantha's school records, reports, activities, and files. In addition, the trial court in its January 20, 2000 entry, also denied appellant access to appellee's address and Samantha's school, daycare, and medical records. Therefore, appellant's second assignment of error is not well-founded.
In his third assignment of error, appellant argues that the trial court has denied him his rights as the non-custodial parent pursuant to R.C.3109.051(H) and (J).
R.C. 3109.051(H)(1) places a clear duty on the finder of fact in addressing this issue and states that:
 "* * * a parent of a child who is not the residential parent of the child is entitled to access, under the same terms and conditions under which access is provided to the residential parent, to any record that is related to the child and to which the residential parent of the child legally is provided access, unless the court determines that it would not be in the best interest of the child for the parent who is not the residential parent to have access to the records under those same terms and conditions. * * *." (Emphasis added.)
 The trial court determined, in its January 20, 2000 entry, that it was not in Samantha's best interests to give appellant access to her records after years of a nonexistent relationship. We conclude that the court decided the issue according to the mandates of R.C. 3109.051(H)(1). Appellant's third assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
____________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] The record is unclear as to how long appellant absconded with Samantha. It appears that it was for several months. Appellant was indicted and entered a plea of guilty to one count of child stealing. He was released from jail on May 11, 1992.
[2] Following the filing of his appeal, on February 22, 2000, the trial court ordered appellee to notify the clerk of courts of any relocation of Samantha. However, the trial court ordered that the file be placed under seal and that none of the information be furnished to appellant or his agents.
[3] We note that on March 22, 2000, after appellant filed an appeal with this court, he submitted a "Motion for Hearing for Visitation and Other Non-Custodial Parental Rights." The trial court dismissed the motion on April 21, 2000, until this court unsealed the file. On July 20, 2000, our court remanded the matter to the trial court to rule on the matter of visitation. However, on August 18, 2000, the magistrate issued a decision recommending the dismissal of the matter for failure of service. The trial court adopted the magistrate's decision on August 21, 2000. On November 3, 2000, appellee filed a motion with the trial court requesting that appellant be required to undergo psychological testing and submit to a drug test. On November 13, 2000, a magistrate recommended that appellant submit to psychological and drug testing.